# United States Court of Appeals

## FOR THE EIGHTH CIRCUIT

_____

No. 98-1964EM

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | On Appeal from the United |
| v. | * | States District Court |
| | * | for the Eastern District |
| | * | of Missouri. |
| Lamont Jackson, | * | |
| | * | |
| Appellant. | * | |

_____

Submitted: September 22, 1998

Filed: October 6, 1998

_____

Before RICHARD S. ARNOLD, WOLLMAN, and KELLY, Circuit Judges.

_____

RICHARD S. ARNOLD, Circuit Judge.


Lamont Jackson has been convicted by a jury of being a felon in possession of a weapon in violation of 18 U.S.C. §§ 922(g)(1), 924(e)(1). He was sentenced to fifteen years in prison (180 months), to be followed by three years of supervised release. He now appeals from his conviction, arguing that he was unduly prejudiced by two items of evidence received against him. First, the government was allowed to offer proof of the number and nature of Jackson's prior convictions, notwithstanding the fact that proof of the fact of only one such conviction (without discussing anything

about its nature) would have been sufficient to establish that he was a felon at the relevant time. Second, Jackson argues that a police witness not qualified as an expert was allowed to testify about the sort of damage that could be done by ammunition that the government claimed Jackson had with him.

We affirm. As Jackson points out, the Supreme Court held in Old Chief v. United States, 519 U.S. 172 (1997), that it is usually an abuse of discretion to allow evidence of the number and nature of previous felonies when the defendant has offered to stipulate that he was a convicted felon at the time of his alleged possession of a firearm. Under the circumstances of this case, however, we cannot agree that Old Chief requires that Jackson's conviction be reversed. Even if it was error to admit the evidence in question, the error was harmless. No fewer than four police officers testified that a gun was found on Jackson at the time of his arrest. There was also evidence that Jackson himself admitted, shortly after the arrest, that he had had the gun. Jackson denied all this at trial, but the jury obviously did not believe him, and we do not think that his chances of being believed would have been appreciably enhanced if the jury had heard only a stipulation as to a prior felony conviction, instead of the evidence that was actually put before it.

As to the testimony about the ammunition, no objection was made at the time, so our review is for plain error only. Probably there was no error here. The police officer who testified about the bullets, while not, perhaps, an expert with scientific credentials, had had nineteen years of experience, including a great deal of contact with guns and bullets. If any error was committed, which we doubt, it was certainly not plain.

Affirmed.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.